IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **UNDER SEAL** |
| JOHN DEAN DAGHITA, | Case No. 1:26-mj-32 |
| *Defendant*. | |

**GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)**

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of

the Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal the criminal complaint, affidavit in support thereof, and the arrest warrant

until the time the defendant is arrested.

**I.     REASONS FOR SEALING** (Local Rule 49(B)(1))

1.     The Federal Bureau of Investigation has been investigating defendant John Dean

Daghita for stealing an estimated more than $46 million in cryptocurrency assets that had been

lawfully forfeited to the United States.   The affidavit in support of a criminal complaint filed in

this case alleges that Daghita worked for a Virginia-based company ("Company A") that had a

contract with the United States Marshals Service ("USMS") to store the forfeited cryptocurrency,

and that Daghita made several transfers of government cryptocurrency assets into crypto wallets

that he controls.

2.     After the transfers, Daghita stopped responding to family members and inquiries

from the federal government.   Based on public reporting, he is believed to be aware that the

federal government should be looking for him, but he is not aware of the specific fact of the

investigation into him nor of the criminal complaint against him.   His whereabouts are currently

1

unknown.

3.  Premature disclosure of the charges in this case would jeopardize the ability of the government to locate and arrest the defendant, and recover the stolen government cryptocurrency assets.  Additionally, premature disclosure of the charges could give the defendant an opportunity to destroy evidence and/or tamper with potential witnesses.

**II.  REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

4.  The Court has the inherent power to seal indictments.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely.  *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III.  PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4.  The criminal complaint, affidavit, and the arrest warrant should remain sealed until the defendant is arrested.  Upon the arrest of the defendant, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6.  The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal

2

the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the criminal complaint, affidavit, the arrest warrant and this Motion to Seal and proposed Order be sealed until defendant John Dean Daghita is arrested.

Respectfully submitted,

Date:  January 30, 2026
Alexandria, Virginia

_____/s/_____

Katherine E. Rumbaugh
Assistant United States Attorney

*Counsel for the United States of America*

3